IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LARRY GENE SEWELL,
    Plaintiff,

vs.                                Case No.: 5:14cv321/RV/EMT

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Plaintiff's "Application for Attorney Fees under the Equal Access to Justice Act" ("EAJA") (ECF No. 21), and a response thereto filed by Defendant Carolyn W. Colvin (henceforth "the Commissioner") (ECF No. 22). Plaintiff seeks an award of EAJA fees in the total amount of $2,966.72. The Commissioner has no objection to the amount sought by Plaintiff.

-     <u>Eligibility for Award of Fees</u>

The EAJA, 28 U.S.C. § 2412, allows for the award of attorney fees and certain costs against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States, and that party's net worth is less than two million dollars; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

In this case, there is no disagreement between the parties as to Plaintiff's minimal net worth and status as a "prevailing party." To be sure, as to the latter factor, in Shalala v. Schaefer, 509 U.S. 292 (1993), the Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the prevailing party and as such was entitled to attorney fees and expenses under the EAJA.[1]  Moreover, the parties do not contest the timeliness of the instant motion for EAJA fees, and the court agrees that Plaintiff's motion was timely filed.[2]  Additionally, the parties do not dispute—and the court finds—that the Commissioner's position was not substantially justified (*see* ECF No. 18).  Finally, the court finds that no special circumstances make an award unjust, especially considering that the Commissioner agrees EAJA fees should be paid in this case.  Accordingly, an award of fees is appropriate.

- Amount of Fees

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Here, Plaintiff seeks an award based upon hourly rates of $189.10 and $188.24 for work performed by his counsel in 2014 and 2015, respectively, based upon changes in the Consumer Price Index ("CPI") (*see, e.g.*, ECF No. 21 at 2).  The undersigned concludes that the rates requested are

---

[1] Here, the court reversed the decision of the Commissioner and remanded the case pursuant to sentence four of § 405(g) (*see* ECF Nos. 18, 19, 20).

[2] The court entered its order reversing the Commissioner's decision on August 4, 2015, and the clerk entered judgment the same day (ECF Nos. 19, 20). As the Commissioner has sixty days within which to file an appeal of the district court's decision, a judgment typically becomes final after sixty days, and a prevailing plaintiff then has another thirty days within which to file an application for fees. *See* Fed. R. App. P. 4(a)(1)(B) (notice of appeal may be filed within sixty days after entry of the judgment when the United States is a party in the case); *see also* Shalala v. Schaefer, 509 U.S. at 297–98 (discussing timeliness of EAJA application); Myers v. Sullivan, 916 F.2d 659, 667–72 (11th Cir. 1990) (same). The instant motion for EAJA fees was filed on September 4, 2015, before the Commissioner's sixty-day window for filing an appeal expired. Given that the Commissioner has no objection to the instant motion, including with respect to Plaintiff's assertion that he is a prevailing party, and that the deadline for the Commissioner to file an appeal has now passed, it is of no consequence that Plaintiff filed the instant motion sooner than he likely should have.

Case No.:  5:14cv321/RV/EMT

reasonable.  *See, e.g.*, Brungardt v. Comm'r of Soc. Sec., 234 F. App'x 889, 891 (11th Cir. 2007) (unpublished) (finding proper an EAJA award based upon an hourly rate of $147 for work done in 2005 and 2006 and noting "that 'a court is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'") (citing Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)); *see also, e.g.*, Facine v. Barnhart, Case No. 5:02cv26/MD (N.D. Fla. 2004) (finding compensation at the rate of $145.00 per hour reasonable for work performed in 2001 through 2004); Godwin v. Barnhart, Case No. 3:04cv298/RV/EMT (N.D. Fla. 2006) (finding compensation at the rate of $147.63 per hour reasonable, based upon a change in the CPI, for work performed in 2004 and 2005).  The undersigned also concludes that the total hours expended by Plaintiff's counsel on Plaintiff's behalf (i.e., 15.75) are reasonable.  Accordingly, a fee award in the total amount of $2,966.72, for work performed in 2014 and 2015 at the rates requested—and as agreed upon by the parties—is appropriate.

- Whether the Award is Payable to Plaintiff or His Counsel

The remaining question concerns to whom the EAJA award is payable.  In Astrue v. Ratliff, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 91 (2010), the Supreme Court resolved a split among certain Circuit Courts of Appeal and held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney.  *See also* Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008) (same).  The Court further held that because the EAJA award was "payable to the litigant," the government could offset a claimant's qualifying debt (to the United States) against that award.  Ratliff, 560 U.S. 686, 130 S. Ct. 2521, 2528–29.[3]  The award in this case is therefore properly payable to Plaintiff, as the "prevailing party," assuming an award remains after any qualifying debts have been satisfied.  The court will, however, direct that any award be mailed to the office of Plaintiff's counsel, so that counsel and Plaintiff may mutually implement their fee agreement without this court's involvement.

---

[3] In Ratliff, the Court was not required to address whether its decision would have been different if the claimant had assigned her right to the EAJA award directly to her attorney, as Plaintiff appears to have done in the instant case (*see* ECF No. 21-3 at 2–3) .

Case No.:  5:14cv321/RV/EMT

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act (ECF No. 21), be **GRANTED** as follows:

1. Plaintiff shall recover fees in the amount of $2,966.72, for time expended by his counsel in representing him before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA).  The fee award is subject to an offset to satisfy any qualifying outstanding debt that Plaintiff may owe to the United States.

2. If Plaintiff receives all or any portion of the EAJA fee award, it shall be mailed to him in care of his attorney, Walter Allen Blakeney, Brock & Stout, LLC, P.O. Drawer 311167, Enterprise, AL 36331-1167.

At Pensacola, Florida, this 6th day of October 2015.


/s/ *Elizabeth M Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.